SWIFT RIVER AND BLACK BROOK IMPROVEMENT COMPANY

*vs.*

FRANK BROWN AND JOHN B. STAPLES.

Androscoggin.    Opinion January 8, 1885.

*Practice.   Pleadings.   General issue.   Tolls.   Waters.   Corporations.*

The general issue admits the plaintiff's capacity to sue, but denies all other facts necessary to sustain the action.

Assumpsit lies for the recovery of tolls on logs authorized by law even though a lien exists, upon the lumber driven, to secure the same.

Where a charter authorizes a corporation to make such improvements upon a stream as will facilitate the transportation of lumber down that stream, and, upon the completion and maintenance of which, to demand tolls, it must prove that the improvements made by it do thus facilitate the transportation of lumber before it can demand and recover the tolls.

ON REPORT.

The opinion states the case.

*A. R. Savage*, for the plaintiff.

*H. A. Randall*, for the defendants.

HASKELL, J. Assumpsit, to recover on account annexed, "toll on 316,000 feet of logs, $79.00." The plea of "never promised" was interposed with a brief statement of special matter of defense. This plea admitted the capacity of the plaintiff corporation to sue, *Penobscot R. R. Co.* v. *Mayo*, 60 Maine, 306, but, put in issue all other facts necessary to sustain the action. *Nye et als.* v. *Spencer*, 41 Maine, 272 ; *Moore* v. *Knowles et als.* 65 Maine, 493 ; *Endicott* v. *Morgan*, 66 Maine, 456. To recover, the plaintiff must prove, either an express promise, or facts from which the law will imply a promise from the defendants to pay the debt sued for. It is not contended that an express promise has been shown, but if the defendants were liable to pay the toll demanded for driving the river, and did drive the river, the law in this state implies a promise upon their part to pay the established tolls, even though the plaintiff's charter created a lien upon the lumber to secure them, and the action of assumpsit may well be maintained. *The Bear Camp River Co.* v. *Woodman*, 2 Maine, 404 ; *The Central Bridge Corporation* v. *Abbott*, 4 Cush. 473.

The plaintiff's right to demand tolls depends upon the authority with which it is clothed under its charter from the legislature, approved March 8, 1864, c. 343. The powers and privileges thereby granted are in derogation of the public right, and must receive a strict construction. *Sprague* v. *Birdsall*, 2 Cowen, 419 ; *Cayuga Bridge Co.* v. *Strout*, 7 Cowen, 33. Ordinary charters, granting to individuals, or corporations, the right to demand tolls from all persons using a public stream, suppose that substantial benefit is to be accorded from improvements specified in the charter, that will facilitate and benefit the public use of the stream, and thereby work a consideration for the toll that may be exacted.

The plaintiff's charter is silent, as to where upon the stream the improvements are to be made, but empowers the plaintiff to " construct and maintain dams and side dams, with side booms and sluices, and all other improvements on Swift river and Black brook and their branches, *which facilitate* the transportation of logs and other lumber down said river and brook," and provides

that the plaintiff, " from and after it shall have constructed the
dams, side booms, side dams, sluices and other improvements
*contemplated by this act*, may demand and receive a toll" of
twenty-five cents per thousand, " for all logs and lumber that
shall pass over, or by, its dams and improvements," and shall
have a lien to secure it.

The improvements authorized by this charter are those, *which
facilitate* the transportation of logs and lumber, and these are to
be constructed and maintained as a condition upon which toll can
be demanded. They are of interest to every one who has
occasion to float lumber upon the stream. The legislature could
never have intended, that toll should be exacted without the
performance of those acts by the plaintiff, which must have been
deemed a consideration for the enjoyment of its franchise. If
duties imposed by law upon a corporation are merely directory,
an individual cannot dispute the enjoyment of its franchise by
reason of their being disregarded or violated. So it was held,
that where a corporation was required to build its toll bridge of
a specified width, and built it narrower, the traveler could not
avoid the payment of toll for that reason. *Southwest Bend
Bridge* v. *Hahn*, .28 Maine, 300; *Middle Bridge Prop's* v.
*Brooks*, 13 Maine, 391; *Kellogg et al.* v. *Union Co.* 12 Conn. 7.

But, if the violation of the provisions of the charter be of such
a character, that the individual called upon to recognize the
validity of the franchise is injured, or deprived of any right,
which he might demand, then he may dispute the demand made
upon him, on the ground that no liability attached until those
rights, which the charter accorded him, have been provided, as
a traveller is not bound to pay toll, unless the rates of toll are
exposed to his view, as required by the charter of the company
demanding it. *Bridge* v. *Hahn*, 28 Maine, 300; *Bridge Props.*
v. *Brooks*, 13 Maine, 391. So the plaintiff is not entitled to demand
of the defendants toll, unless it has provided them with the
facilities for the driving of the river contemplated by its charter.
Upon a careful consideration of the evidence, it appears that the
plaintiff, prior to 1869, made certain improvements upon Swift
river; but to what amount, and of what cost, the evidence fails

to give any very clear information. It is conclusively shown, that in the year 1869 all the improvements, made by the plaintiff upon that part of Swift river driven over by the defendants, so far as the same were structures of any kind, were carried away by the freshet, and have never been rebuilt, or replaced. That, at the time defendants drove their logs, the only improvements of the plaintiffs, passed by the drive, were a side dam at "Kimball's," made with logs, laid up very high with poles put across, so that the water would run through it, and a few sticks put across the entrance of an old starch factory flume lower down the river, all at a cost of about fifty dollars. That the plaintiff has not pretended to demand toll from the public using the river, and that the improvements made were of no use, and did not facilitate the transportation of logs upon the stream. The plaintiff fails to show such an improvement of the river, as the legislature must have intended to require, as a consideration to the public, for the exercise and enjoyment of the right to demand tolls. Its charter imposes as a condition to the enjoyment of tolls, that the improvements authorized should facilitate the transportation of lumber, and the burden rests upon the plaintiff to show, that the improvements made are sufficient to comply with the condition upon which toll may be demanded. In this case, the evidence fails to prove that the plaintiff has constructed and did maintain, at the time when defendants drove their logs, any improvements that facilitated the transportation of the logs down the river, and, therefore, it must fail. In accordance with the agreement of the parties, there must be,

*Judgment for defendants.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and EMERY, JJ., concurred.